NOSSAMAN LLP
DREW R. HANSEN (SBN 218382)
dhansen@nossaman.com
J. RANDALL BOYER (SBN 290003)
rboyer@nossaman.com
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612
Telephone: 949.833.7800
Facsimile: 949.833.7878

Attorneys for Defendant
C.R. ENGLAND, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC HAGEST and WAYNE SUBER, individually and on behalf of all others similarly situated,,<br><br>Plaintiff,<br><br>vs.<br><br>C.R. ENGLAND, INC., a Utah Corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No: '22CV1406 BEN JLB<br><br>**DEFENDANT C.R. ENGLAND, INC.'S NOTICE OF REMOVAL OF PUTATIVE CLASS ACTION** |

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant C.R. England, Inc. ("Defendant" or "C.R. England") hereby timely removes Case No. 37-2022-00019285-CU-OE-CTL from the Superior Court of the State of California, County of San Diego to the United States District Court for the Southern District of California, for further proceedings, reserving any and all defenses. As grounds for removal, Defendant respectfully states as follows:

## I.   STATEMENT OF THE CASE

1. On or about May 20, 2022, Plaintiffs Marc Hagest and Wayne Suber ("Plaintiffs") filed a putative class action complaint in the Superior Court of the State of California, County of San Diego, captioned "Marc Hagest and Wayne Suber, individually and on behalf of all others similarly situated v. C.R. England, Inc., a Utah Corporation; and DOES 1-50, inclusive" (the "Complaint"), which was assigned Case Number 37-2022-00019285-CU-OE-CTL (the "State Court Action").

2. On August 18, 2022, Plaintiffs served the Complaint in the State Court Action on C.R. England.

3. In the Complaint, Plaintiffs allege, among other things, that C.R. England (i) failed to pay minimum wages as required by California Labor Code ("Labor Code") § 1194; (ii) failed to provide meal periods in violation of Labor Code §§ 226.7 and 512, as well as the Industrial Welfare Commission ("IWC") Wage Orders; (iii) failed to provide rest periods in violation of Labor Code §§ 226.7 and 512; (iv) failed to pay timely wages in violation of Labor Code § 203; (v) failed to provide accurate itemized wage statements in violation of Labor Code § 226 (the "Wage Statement Claim"); (vi) failed to reimburse necessary business expenses in violation of Labor Code § 2802; (vii) failed to provide a day of rest in violation of Labor Code §§ 551 and 552; and (viii) violated California's Unfair Competition Law (i.e., Cal. Bus. & Prof. Code §§17200 *et seq.*).

4. Plaintiffs also seek to certify a putative class of "[a]ll persons who

currently are or who have been employed by Defendant[] as Non-Exempt Employees or equivalent positions, however titled, in the state of California within four (4) years from the filing of the Complaint in this action until its resolution." (Compl. ¶ 11.) Plaintiffs likewise seek certification of a number of subclasses corresponding with particular causes of action. (Compl. ¶ 12.)

5. Based on the claims alleged in the Complaint in the State Court Action, Plaintiffs seek, on behalf of themselves and the putative class, an assortment of alleged damages, including, but not necessarily limited to, compensatory damages equal to unpaid balances of minimum wage compensation, meal and rest period premiums, liquidated damages, other wages, statutory and civil penalties, restitution, pre-judgment interest, attorney fees, and costs of suit. (*Id.* at Prayer for Relief).

## II.   ORIGINAL JURISDICTION

6. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453 and 1711-1715. As explained in greater detail below, removal to this Court and jurisdiction in this Court are proper because the action is a class action in which: (i) at least one plaintiff and one defendant are citizens of different states; (ii) the number of members of the proposed putative class is at least 100; and (iii) the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

7. The United States Supreme Court clarified the standards for a notice of removal under CAFA in 2014. Specifically, in *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014), the Supreme Court held that courts must apply the same liberal rules to removal allegations as to other matters of pleading. The Supreme Court also held that no presumption against removal exists under CAFA, which was enacted to facilitate adjudication of certain class actions in federal court. *Id.*

### A. The Diversity Of Citizenship Requirement Is Satisfied

8. Plaintiffs are and were at the time of the commencement of the State Court Action, citizens of California. (*See* Compl. ¶¶ 6-7.) Additionally, Plaintiffs seek to certify a class of, *inter alia*, "[a]ll persons who currently are or who have ever been employed by Defendant[] … in the state of California …." (Compl. ¶ 11.)

9. Defendant was at the time of the commencement of the State Court Action, and continues to this day to be, a Utah corporation with its principal place of business in Salt Lake City, Utah. *See, e.g., Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination").

10. Defendant is the only non-"Doe" defendant in this action. (*See* Compl. ¶¶ 8-10.) Plaintiffs naming of unidentified "Doe" defendants is irrelevant to removability. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *Kruso v. Int'l Tel. & Telegraph Corp.*, 872 F.2d 1416, 1424 (9th Cir. 1989) (the naming of Doe defendants cannot defeat diversity jurisdiction).

11. Because Plaintiffs are citizens of California and Defendant is a citizen of Utah, the diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

### B. The Alleged Putative Class Includes At Least 100 Members

12. Plaintiffs seek to certify a class of "[a]ll persons who currently are or who have been employed by Defendant[] as Non-Exempt Employees or equivalent positions, however titled, in the state of California within four (4) years from the filing of the Complaint in this action until its resolution." (Compl. ¶ 11.)

13. Defendant disputes Plaintiffs' allegations of wrongdoing and also disputes that any class could ever be certified. Nevertheless, based on information and belief and Defendant's review of its internal employment data, Defendant asserts that it has employed thousands of California residents as employee truck drivers since May 20, 2018, including in excess of 2,000 California residents as employee truck drivers from May 20, 2021 through mid-August 2022.

14. Thus, the number of members of Plaintiffs' alleged putative class is at least 100.

### C. The Amount In Controversy Exceeds $5,000,000

15. The Supreme Court clarified in 2014 that a notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold and need not include evidentiary submissions. *Dart Cherokee*, 574 U.S. at 87 ("Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the "pleading" requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'"); *see also Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) ("[A] removing party must initially file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'") (quoting *Dart Cherokee*). Thus, a defendant's amount in controversy allegation should be accepted when not contested by a plaintiff or questioned by the court. *Dart Cherokee*, 574 U.S. at 87. If a plaintiff does contest the allegation, both sides must submit proof and the court will decide, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied. *Id*. at 88-89.

16. Defendant denies that this action is appropriate for class treatment or that Defendant is liable for Plaintiffs' claims. Nevertheless, Defendant has calculated the amount in controversy for purposes of this notice by taking Plaintiffs' allegations in the Complaint at face value in aggregating claims of individual class

members pursuant to 28 U.S.C. § 1332(d)(6). Despite Plaintiffs' bare and conclusory allegations to the contrary, the amount in controversy on Plaintiffs' Wage Statement Claim alone exceeds $5,000,000, exclusive of interest and costs.

### 1. Plaintiffs' Allegations Regarding Total Class Damages

17. As an initial matter, Plaintiffs' allegations regarding the total amount of the aggregate class claims are of no effect in a removal analysis. Specifically to avoid removal, Plaintiffs allege "the aggregate claim, including attorneys' fees, is under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005." (Compl. ¶ 4.) However, the Supreme Court has recognized that such allegations—and even precertification stipulations that damages will not be sought above some threshold—are not to be considered upon removal because they cannot legally bind the proposed class members before a class is certified. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592-93 (2013).[1]

18. Consequently, whether damages are unstated or understated in a plaintiff's complaint, the only relevant analysis on removal is whether the aggregate claims of individual class members plausibly exceed five million dollars. *See Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013); *Dart Cherokee*, 574 U.S. at 87. "This rule is not altered even if plaintiffs affirmatively contend in their complaint that damages do not exceed $5 million." *Ibarra*, 775 F.3d at 1197 (citing *Rodriguez*, 728 F.3d at 981).

19. Plaintiffs' bare and conclusory allegations regarding the aggregate amount of damages of the putative class are thus properly disregarded for purposes of a removal analysis. As demonstrated below, the actual amount in controversy clearly exceeds five million dollars.

---

[1] Additionally, the basis for Plaintiffs' allegation is entirely unclear and wholly unexplained. (*See* Compl. ¶ 4.) Such conclusory allegations are not afforded the presumption of truth under the federal pleading standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).

### 2. Wage Statement Penalties

20. Plaintiffs allege that Defendant "knowingly and intentionally failed to comply with Labor Code section 226 … on wage statements that have been provided to Plaintiffs and the Class." (Compl. ¶ 80.)

21. Labor Code § 226(e) provides that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

22. An action based upon Labor Code § 226 must be commenced within one year. Cal. Code Civ. Proc. § 340(a).

23. Based on information and belief and Defendant's review of its internal employment data, Defendant has employed well in excess of 2,000 California resident truck drivers as employees since May 20, 2021 (i.e., from one year before the Complaint was filed) up through mid-August 2022. Accordingly, Plaintiffs seek, on behalf of themselves and at least 1,998 other individuals, $50 for the initial pay period in which Defendant allegedly failed to furnish them a "timely and accurate" wage statement and $100 for each subsequent pay period in which Defendant allegedly failed to furnish them a "timely and accurate" wage statement, up to a maximum penalty of $4,000 per person.

24. Based on information and belief and Defendant's review of its internal employment records, Defendant, from May 20, 2021 through mid-August 2022, has furnished: (i) wage statements for 41 or more pay periods to at least 1,021 California resident drivers that it employed; (ii) wage statements for between 36 and 40 pay periods to at least 80 additional California resident drivers that it employed; (iii) wage statements for between 31 and 35 pay periods to at least 95 additional

California resident drivers that it employed; (iv) wage statements for between 26 and 30 pay periods to at least 165 California resident drivers that it employed; and (v) wage statements for between 21 and 25 pay periods to at least 202 California resident drivers that it employed.[2]

25. Accordingly, Plaintiffs' Complaint in the State Court Action seeks at least **$5,492,600** in wage statement penalties for these 1,563 persons alone (i.e., [1021 drivers X the maximum $4,000 penalty] + [80 drivers X a penalty of at least $3,550] + [95 drivers X a penalty of at least $3,050] + [165 drivers X a penalty of at least $2,550]) + [202 drivers X a penalty of at least $2,050]).

26. Moreover, Plaintiffs' allegations place additional penalties in controversy for any driver who worked 20 or fewer pay periods from May 20, 2021 through mid-August 2022.

### 3. Other Damages

27. Plaintiffs likewise allege several other causes of action that place additional amounts in controversy. For instance, Plaintiffs allege on behalf of themselves and the putative class that Defendant failed to pay minimum wages because drivers were purportedly paid on a piece-rate basis but required to perform non-driving tasks for which they were allegedly not compensated. In addition, Plaintiffs allege that Defendant did not provide them and other putative class members with compliant meal breaks and rest periods. Plaintiffs further allege that they and the other putative class members who no longer work for Defendant were not paid all wages owed upon cessation of employment. Finally, Plaintiffs' allege that Defendant failed to reimburse them and other putative class members for necessary business expenses.

28. Each of these additional claims place additional amounts in

---

[2] Notably, these figures do take into account alleged damages for any California resident truck drivers employed by Defendant who worked 20 pay periods or less between May 20, 2021 and mid-August 2022.

controversy that would further extend the total amount in controversy well beyond the requisite $5,000,000 threshold required by CAFA. Indeed, in connection with these additional claims, Plaintiffs assert that they and the putative class members are entitled to minimum wages, liquidated damages, premium pay for any missed meal or rest breaks, waiting time penalties equaling up to 30 days wages, and reimbursement for business expenses, etc.

### 4. Attorney's Fees

29. Moreover, attorney's fees are included in the amount in controversy if the underlying statute authorizes their award (which is the case here due to the Labor Code). *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorney fees award may be included in the amount in controversy when an underlying statute authorizes their award). Plaintiffs also seek to recover attorney's fees in this case. (Compl. at Prayer for Relief).

30. In class action cases within California, prevailing plaintiffs generally request, and courts tend to award, attorney's fees in the range of 25% to 33% of the overall recovery. *See Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491-92 (E.D. Cal. 2010) (citing to five recent wage and hour cases where federal court judges approved fee awards that ranged from 30% to 33% and similarly approving percentage of the fund award of 33% to class counsel); *Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841, at *1-4 (E.D. Cal. Nov. 14, 2007) (approving award of 33% of common fund); *McCrary v. Elations Company, LLC*, 2016 WL 769703, at **10-11 (C.D. Cal., 2016) (approving award of 26.82% of total settlement amount). It is therefore anticipated that Plaintiffs' attorneys will seek at least 25% of any amounts recovered as awardable attorneys' fees.

31. Plaintiffs' wage statement cause of action alone puts in excess of **$5,492,600** in controversy. Accordingly, it is anticipated that Plaintiffs' attorneys may seek at least **$1,373,150** (i.e., 0.25 X $5,492,600) in attorneys' fees in this action. Though as discussed above, Plaintiffs allege additional causes of action that

would only increase the amount of attorney fees in controversy. Regardless, the total amount in controversy is at least **$6,865,750 (i.e., $5,492,000 plus $1,373,150)**.

### III. REMOVAL IS TIMELY AND PROPER

32. This Notice of Removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b) as it has been filed within thirty (30) days of the date (i.e., August 18, 2022) on which service of the State Court Action on Defendant was complete. Indeed, under the applicable rules, C.R. England has up to and including September 19, 2022 to timely remove this matter to federal court and it has satisfied that obligation.[3]

33. Pursuant to section 1446(a) of title 28, removal is also made to the Southern District of California, as the district court embracing the place where the State Court Action is pending. *See* 28 U.S.C. § 84(d).

34. Copies of the docket sheet, and all process, pleadings, and orders filed or served upon the Defendant are attached and incorporated by reference as **Exhibit A** (docket sheet) and **Exhibit B** (process, pleadings, and orders) hereto.

35. Defendant reserves the right to amend or supplement this Notice of Removal, including the right to submit evidentiary declarations supporting and/or buttressing the amount in controversy should Plaintiffs attempt to remand the action for any reason or if the Court has any questions. Defendant further reserves all defenses it has to Plaintiffs' claims. Defendant disputes Plaintiffs' claims in their entirety and contends only that the nature of Plaintiffs' purported claims, as pled, demonstrates that removal is proper.

36. Defendant is providing Plaintiffs, by and through their counsel, written notice of the filing of this Notice of Removal and all other papers as required by section 1446(d) of title 28. Further, Defendant is filing a copy of this Notice of

---

[3] The 30-day deadline of Saturday, September 17, 2022 is extended to Monday September 19, 2022 under Fed. R. Civ. Proc. 6(a)(1)(C).

Removal and all related papers with the Clerk of the Superior Court of the State of California, County of San Diego where the State Court Action is currently pending.

## IV. **PRAYER**

Wherefore, C.R. England, requests that the above-captioned action now pending against it in the Superior Court of California, County of San Diego, be removed to this Court.

Date:   September 16, 2022

NOSSAMAN LLP
DREW R. HANSEN
J. RANDALL BOYER

By: /s/ J. Randall Boyer
    J. Randall Boyer

Attorneys for Defendant
C.R. ENGLAND, INC.